# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BRIAN L. BROWN,**

      **Plaintiff,**

v.                                                                **Civil Action No. 5:13cv122**
                                                                     **(Judge Stamp)**

**UNITED STATES OF AMERICA,**

      **Defendant.**

## REPORT AND RECOMMENDATION

The *pro se* plaintiff initiated this civil action on September 4, 2013, by filing a Federal Tort Claim Act. On October 7, 2013, the plaintiff filed his complaint on this court's approved form. In the complaint, the plaintiff alleges that he was improperly designated to USP Hazelton, was denied his religious rights, was threatened with physical injury with a sexual threat, was falsely accused of a disciplinary infraction, was subjected to inhumane conditions of confinement, and was denied appropriate medical care for an incisal hernia. Although all of the plaintiff's allegations concern events at USP Hazelton, the plaintiff was incarcerated at Victorville Medium I when he filed this action. Currently pending is the plaintiff's Motion for Leave to Proceed *in forma pauperis*, a Motion to Waive Filing Fees and Allow Petitioner [sic] to Proceed Under Imminent Danger of Physical Injury, and an Amended Motion to Waive Filing Fees and Allow Petitioner [sic] to Proceed under Imminent Danger of Physical Injury.

After the enactment of the Prison Litigation and Reform Act (PLRA) of 1996, the following subsection was added to 28 U.S.C. § 1915:

> (g) In no event shall a prisoner bring a civil rights action or appeal a judgment in a civil action or proceeding under this section if the

> prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The undersigned notes that the plaintiff acknowledges that he as accumulated at least three strikes. In confirmation, a search of federal court dockets reveal that the plaintiff has brought at least two actions in federal courts while he has been a prisoner that were dismissed pursuant to 28 U.S.C. § 1915(e)(2) as being frivolous, failing to state a claim upon which relief may be granted, or seeking monetary relief against a defendant who is immune from such relief. See Brown v. Russell, 4:02-cv-4036-HFB (W.D. Ark. Order of dismissal April 23, 2002); Brown v. Federal Bureau of Prisons, 3:07-cv-543-N (N.D. Texas Judgment May 16, 2007). The plaintiff also brought an appeal in the Texas case that was dismissed by the Fifth Circuit Court of Appeals as frivolous. See Brown v. Federal Bureau of Prisons, 285 Fed. Appx. 173 (5th Cir. July 23, 2008). Therefore, the, plaintiff having "three strikes" under 28 U.S.C. § 1915(g), may not bring a civil action without complete pre-payment of the $400.00 filing fee unless he is in imminent danger of serious physical injury.

In his Motion to Waive Filing Fees....Under Imminent Danger of Physical Injury and his Amended Motion to Waive Filing Fees...Under Imminent Danger of Physical Injury, the plaintiff maintains that the United States, knowing that he has an incisionary [sic] hernia has denied him care and caused further injury. In addition, the plaintiff alleges that the United States, knowing that he was not guilty of a crime as alleged in a disciplinary report, deprived him of food, working plumbing, religious rights, medical care, and a sexual threat of assault has placed him under imminent danger of further false accusations, threats and sexual assaults, and battery by officers involved unless this

Court allows the action to proceed.

First, the undersigned notes that this is a Federal Tort Claim Action, and accordingly, relief is limited to money damages; equitable relief is not available under the FTCA. Peck v. Blessing, 2006 WL 213736 (N.D.Cal.); Ajaj v. United States, 479 F. Supp.2d 501 )D.S.C. 2007). Therefore, allowing this case to proceed without prepayment of fees will not remove the plaintiff from "imminent danger of serious physical injury." Moreover, the plaintiff's complaint involves actions or inactions of BOP personnel at U.S.P Hazelton sometime in 2012. Since then, the plaintiff has been transferred at least twice. First to USP Cannan in Waymart, Pennsylvania and then to USP Victorville in Adelanto, California. Accordingly, any threat of imminent danger of serious physical injury alleged in the complaint is moot.

For the foregoing reasons, the plaintiff's Motion for Leave to Proceed In Forma Pauperis (dckt. 2), Motion to Waive Filing Fees (dckt. 3) and Amended Motion to Waive Filing Fees (dckt. 12) should be **DENIED**, and this case **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g). See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) ("The proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915. The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he initiates the suit.").

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp. Jr., United

States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

IT IS SO ORDERED.

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to the counsel of record via electronic means.

DATED: 10 October 2013

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE