IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BRIAN L. BROWN,

    Plaintiff,

v.                                             Civil Action No. 5:13CV122
                                                                  (STAMP)

UNITED STATES OF AMERICA,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND DISMISSING CIVIL ACTION**

I.  Procedural History

On September 4, 2013, the plaintiff, who is an inmate at USP Victorville, filed this civil action in this Court. In his complaint, the pro se[1] plaintiff raises claims under the Federal Tort Claims Act pursuant to 28 U.S.C. § 2671, et seq., alleging that he was denied his religious rights, was threatened with physical injury with a sexual threat, was falsely accused of a disciplinary infraction, was subjected to inhumane conditions of confinement, and was denied appropriate medical care for an incisal hernia. The petitioner has also filed a motion to proceed in forma pauperis ("IFP"),[2] a motion to waive filing fees and allow him to

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

[2] In forma pauperis refers to the filing status as a "pauper," or "indigent who is permitted to disregard filing fees and court costs." Black's Law Dictionary 849 (9th ed. 2009).

proceed under imminent danger of physical injury, and an amended motion to waive filing fees and allow him to proceed under imminent danger of physical injury. Pursuant to Local Rule of Prisoner Litigation 2, this case was referred to United States Magistrate Judge John S. Kaull for report and recommendation.

Magistrate Judge Kaull then entered a report and recommendation recommending that the plaintiff's motion for leave to proceed IFP be denied, and that this case be dismissed pursuant to 28 U.S.C. § 1915(g), because since the plaintiff has been incarcerated he has filed at least two civil action that have been dismissed as frivolous, for failing to state a claim, or for seeking monetary relief against a defendant who is immune from such relief. Further, the magistrate judge found that the plaintiff has also brought an appeal in one of the cases, which was dismissed by the United States Court of Appeals for the Fifth Circuit as frivolous. The magistrate judge informed the plaintiff that he was required to file any objections to the report and recommendation recommending dismissal of this civil action within fourteen days of the entry of the report and recommendation. Thereafter, the plaintiff did file objections.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the

plaintiff filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo.

III. Discussion

The Prisoner Litigation Reform Act of 1995 generally prohibits prisoners from filing a complaint under IFP status if that prisoner has filed at least three IFP cases previously which have been dismissed as frivolous. Title 28, United States Code, Section 1915(g) specifically provides as follows:

> In no event shall a prisoner bring a civil action . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The magistrate judge found that this section of the Prison Litigation Reform Act ("PLRA") was applicable in this case, and thus recommended dismissal of this civil action.

This Court has reviewed the record in this case, as well as Magistrate Judge Kaull's report and recommendation. This Court has confirmed that, while he has been incarcerated, the plaintiff has filed two civil actions in federal district courts which have been dismissed as frivolous, for failing to state a claim, or for seeking monetary relief against a defendant who is immune from such relief. Further, the plaintiff has also brought an appeal that was dismissed by the Fifth Circuit Court of Appeals as frivolous. The plaintiff does not object or contest the fact that he filed these

3

cases. The plaintiff's objections seem to only deal with the issue of not qualifying as being in danger of imminent physical injury.

As to the issue of whether he was in danger of imminent physical injury, the magistrate judge found that the injunctive relief sought to alleviate such danger is not available under the FTCA, which only allows for monetary damages. Ajaj v. United States, 479 F. Supp. 501, 550 (D. S.C. 2007). Thus, allowing this case to proceed under the FTCA without the prepayment of fees will not remove the plaintiff from "imminent danger of serious physical injury." This Court agrees with the magistrate judge's finding. Allowing this case to proceed would only allow the plaintiff to obtain monetary relief for the complained of injuries, it would not change any type of danger he may be in.

The magistrate judge further found that because the complaint involves actions or inactions of the prison personnel at USP Hazelton, and he has been transferred at least twice since that time, any threat of imminent danger or serious physical injury alleged in the complaint is moot. The plaintiff objects to this argument numerous times as to all of his separate claims and states that his claims are not moot, as they are "capable of repetition." This argument, however, fails to take into consideration the fact that his request to prevent such actions from reoccurring would require an award of injunctive relief, which is not available under

the FTCA, as explained above.  Accordingly, the petitioner's objections are without merit.

## IV. Conclusion

For the reasons described above, the report and recommendation of the magistrate judge (ECF No. 14) is AFFIRMED and ADOPTED in its entirety.  Accordingly, the plaintiff's motions for leave to proceed in forma pauperis (ECF Nos. 2, 3 and 12) are DENIED.  This civil action is DISMISSED WITHOUT PREJUDICE.  It is ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    December 16, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE